86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cody MIX, Petitioner-Appellant,
v.
Mike MAHONEY, Respondent-Appellee.
 No. 95-35885.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1996.*
Decided May 22, 1996.
 
 Before: LAY**, WRIGHT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Cody Mix appeals the district court's judgment denying his habeas corpus petition. After reviewing the record de novo, we are satisfied that the court's denial of relief was correct. We affirm.
 
 1. Ineffective Assistance
 
 3
 This assertion addresses trial counsel's election to focus on the defense of self-defense, not mental illness. Before trial, at counsel's request, Mix was evaluated at the state hospital. The examining physicians cast doubt on earlier diagnoses of manic depression. They also said that Mix's description of his actions at the time of the crime was "not consistent with the sort of behavior one would expect in a manic episode." Counsel accordingly argued self-defense at trial, not mental illness. The jury, however, was not convinced that Mix's girlfriend was the aggressor and found Mix guilty.
 
 
 4
 Although the self-defense effort was ineffectual, counsel was not ineffective. His strategic decision to rely on this defense was reasonable, and his presentation of the defense was well within the range of professionally competent assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Chambers, 918 F.2d 1455, 1461 (9th Cir.1990) (refusing "to second-guess counsel's strategic decision to present or to forego a particular theory of defense when such decision was reasonable under the circumstances.") (citations omitted).
 
 
 5
 Mix also argues that counsel was ineffective because at sentencing he did not mention Mix's manic depression as a mitigating factor. But the judge was aware of Mix's history of manic depression. The hospital had sent its diagnosis directly to the court and the parties stipulated that Mix had twice been diagnosed as manic depressive. Because counsel had argued at trial that Mix had acted in self-defense, he could not be expected at sentencing to change his strategy and focus on manic depression to show that Mix was in a manic state on the night of the crime. See Burger v. Kemp, 483 U.S. 776, 793 (1987) (counsel not ineffective in declining to present evidence at sentencing of defendant's violent tendencies that was at odds with trial strategy of portraying defendant's actions as result of another defendant's strong influence on his will). Counsel's de-emphasis of the evidence of manic depression at sentencing did not amount to ineffective assistance.
 
 
 6
 2. Comment on Delay in Asserting Self-Defense
 
 
 7
 Mix argues that the prosecutor's remark in his opening statement about Mix's 135-day delay in asserting self-defense amounted to a comment on Mix's post-Miranda silence in violation of his Fifth Amendment rights.
 
 
 8
 We agree that the remark was a comment on Mix's post-Miranda silence and was error. See Doyle v. Ohio, 426 U.S. 610, 619 (1976) (holding that "the use for impeachment purposes of a [defendant's] silence, at the time of arrest and after receiving Miranda warnings, violate[s] the due process clause of the Fourteenth Amendment."). We find, however, that the error was not a structural defect "affecting the framework in which the trial proceeds." Arizona v. Fulminante, 499 U.S. 279, 310 (1991). Instead, it was trial error, which is "error which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless...." Id. at 307-08; see Brecht v. Abrahamson, 113 S.Ct. 1710, 1717 (1993) (treating Doyle error as trial error rather than structural defect).
 
 
 9
 We decline to grant the habeas petition on the basis of this trial error because it did not have "a substantial and injurious effect or influence in determining the jury's verdict." Id. at 1722 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). The court sustained an objection to the comment and immediately admonished the prosecutor. Also, the comment was made on the first day of a long trial and was not repeated. As the district court noted, the record did not reflect an intentional pattern by the prosecution to cast Mix in a suspicious light by suggesting that he stalled on his defense. Moreover, as noted by both the Montana Supreme Court and the district court, the evidence of guilt was overwhelming. State v. Mix, 781 P.2d 751, 754 (Mont.1989); see Brecht, 113 S.Ct. at 1722 (finding that "Doyle errors" did not have a substantial and injurious effect where the comments were infrequent, the evidence of guilt was weighty, and the prosecution had permissibly commented on defendant's pre-arrest silence); Greer v. Miller, 483 U.S. 756, 764 (1987) (finding that cross-examination question on defendant's post-Miranda silence was harmless where court explicitly sustained an objection and gave curative instruction).
 
 
 10
 3. Comment on Mix's Right to Appointed Counsel
 
 
 11
 Mix argues that the prosecutor improperly commented on his poverty by mentioning to the jury that Mix had a right to court-appointed counsel.
 
 
 12
 Comments by the prosecution on a defendant's poverty are probably improper. See United States v. Grissom, 645 F.2d 461, 469 n. 11 (5th Cir.1981) ("[I]t is almost always grossly improper for any lawyer representing the United States government to comment on the indigency of a defendant."). But here, the comment was too indirect to amount to a comment on Mix's poverty. The prosecutor did not say that Mix was poor. He mentioned Mix's right to court-appointed counsel only as part of a recital of constitutional rights. It is unlikely that the jury inferred from the comment that Mix was poor. In any event, defense counsel had already told the jury that Mix was poor on voir dire, and the prosecutor's comment was harmless.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3